UNITED STATES DISTRICT COURT           b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| XUE LIN | CIVIL ACTION 1:17-CV-00274 |
| VERSUS | CHIEF JUDGE DRELL |
| DANA BOENTE, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Respondents filed a motion to dismiss this habeas petition. It is recommended that Respondents' motion to dismiss (Doc. 15) be granted and that Petitioner's habeas petition be denied as premature.

I. Background

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Xue Lin ("Lin") on February 13, 2017. Lin, a citizen of the People's Republic of China, contends she is an alien who has been detained in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("ICE") for over nine months while waiting for a custody redetermination hearing (Doc. 1). Lin contends she is having medical problems that have been misdiagnosed by the detention facility physician, and asks to be released pending removal, pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001) (Doc. 1).

Respondents filed a motion to dismiss Lin's petition as premature (Doc. 15). Respondents show that Lin's order of removal became final on February 22, 2017 (Doc. 15-5), and that she filed her habeas petition before then, on February 13, 2017

(Doc. 1). Respondents argue that Lin has not shown she will not be removed in the reasonably foreseeable future. Respondents also contend Lin refused to sign her travel document application for two months, waiting until she had consulted her attorney and her family.

II.   Law and Analysis

Although ICE has 90 days to remove an alien after she is ordered removed, 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Detention for up to six months after the removal order becomes final is presumptively reasonable. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 701.

Lin has not shown there is no significant likelihood she will be removed in the reasonably foreseeable future. Since Lin has not yet been in custody longer than the presumptively reasonable six-month post removal order period, her habeas petition should be dismissed as premature. See Okpoju v. Ridge, 115 Fed. Appx. 301, *1 (5th

Cir. 2004), cert. den., 544 U.S. 1066 (2005) see also Chance v. Napolitano, 453 Fed. Appx. 535, *1 (5th Cir. 2011).

Therefore, Respondent's motion to dismiss Lin's petition as premature (Doc. 15) should be granted and Lin's habeas petition should be dismissed without prejudice.

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 15) be GRANTED and Lin's habeas petition be DISMISSED WITHOUT PREJUDICE as premature.

Under the provisions of 28 U.S.C. Section 636(b) (1) (C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either**

the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. § 2253(c) (2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 10th day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge